Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3874 | **DATE** | **JUN 16 2011** |
| **CASE TITLE** | Aubree Dungey (#K-84771) vs. City of Chicago | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $18.70 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pontiac Correctional Center. However, the plaintiff is ordered to show proof of having timely opted out of the *Dunn v. City of Chicago*, Case No. 04 C 6804 (N.D. Ill.). Failure to show proof of having opted out will result in summary dismissal of this case.

■ [For further details see text below.]        Docketing to mail notices.

## STATEMENT

    The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, the City of Chicago, has engaged, "for decades," in a pattern of detaining citizens *in communicado* in police holding cells and by subjecting them to conditions amounting to "soft torture" [i.e., denying them food, water, sleep, access to facilities, etc.] in order to extract confessions. The plaintiff, whose complaint is couched in class action terms, contends that Chicago police officers inflicted such deprivations on him when he was arrested in 1999.

    The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $18.70 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect **(CONTINUED)**

mjm

## STATEMENT (continued)

to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915A, the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the plaintiff's claims are largely–if not entirely–time-barred.

There is a two-year statute of limitations for Section 1983 actions in Illinois. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). In the case at bar, the plaintiff is suing over alleged mistreatment by police in 1999, some twelve years ago. The statute of limitations has therefore extinguished any cause of action for excessive force or the regarding conditions under which the plaintiff was held and interrogated.

The court further notes that the plaintiff has no standing to sue for prospective injunctive relief. Article III of the Constitution provides that the judicial power of the courts extends only to cases or controversies. Therefore, parties seeking to invoke the jurisdiction of federal courts must show that they have standing to sue within the meaning of Article III. *Krislov v. Rednour*, 226 F.3d 851, 857 (7th Cir. 2000). "In order to show standing, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Pollack v. U.S. Dept. of Justice*, 577 F.3d 736, 739 (7th Cir. 2009), *quoting Summers v. Earth Island Inst.*, --- U.S. ----, 129 S.Ct. 1142, 1149 (2009). Because the plaintiff is serving a 40-year sentence for murder, there is little reason to believe he will have any contact with the Chicago police in the foreseeable future. The plaintiff is therefore not a suitable class representative.

To the extent that the plaintiff is seeking relief in connection with being denied a prompt judicial probable cause hearing, his claim would appear to fall squarely within class action *Dunn v. City of Chicago*, Case No. 04 C 6804 (N.D. Ill.). According to the Order Granting Final Approval of Class Action Settlement and Final Judgment entered in that case, "Settlement Class III" included "[a]ll persons arrested on suspicion of a felony without an arrest warrant and who were detained by the CPD and were not released and did not receive a judicial probable cause hearing within 48 hours of arrest, at any time from March 15, 1999, to February 10, 2008." (*See* document no. 356,
**(CONTINUED)**

p. 3, ¶ 4(c) (Gettleman, J.). The complaint at hand concerns a June 1999 arrest and the purported denial of a probable cause hearing for 56 hours.

This court does not find the plaintiff's name listed on an "Exclusion Report" attached to Judge Gettleman's order. Unless the plaintiff filed the proper procedures for formally "opting out" of the class action, he is bound by the terms of the settlement agreement and cannot pursue an independent lawsuit. The plaintiff may wish to contact class counsel in the *Dunn* case (Loevy & Loevy, 312 North May Street, Suite 100, Chicago, Illinois 60607, (312) 243-5900) to ascertain whether he is still eligible to collect under the class action settlement agreement.

In sum, if the plaintiff chooses to pursue an independent suit regarding the denial of a timely judicial probable cause hearing, then he must provide documentation showing that he "opted out" of the underlying class action. All other claims are summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A as time-barred. Failure to show proof of exhaustion within thirty days will result in summary dismissal of this case in its entirety.