Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3874 | **DATE** | **JUL 25 2011** |
| **CASE TITLE** | Aubree Dungey (#K-84771) vs. City of Chicago | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for an extension of time [#6] is denied. The case is dismissed on preliminary review as precluded by class action *Dunn v. City of Chicago*, Case No. 04 C 6804 (N.D. Ill.). Dismissal is without prejudice to the plaintiff seeking relief as a class member in *Dunn*. In the event that the plaintiff is not entitled to a portion of the *Dunn* settlement award, he may file a motion for reinstatement of this case within sixty days of the date of this order.

■ [For further details see text below.]           Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, the City of Chicago, has engaged, "for decades," in a pattern of detaining citizens *in communicado* in police holding cells and by subjecting them to conditions amounting to "soft torture" [i.e., denying them food, water, sleep, access to facilities, etc.] in order to extract confessions. The plaintiff, whose complaint is couched in class action terms, contends that Chicago police officers inflicted such deprivations on him when he was arrested in 1999.

By Minute Order of June 16, 2011, the court ordered the plaintiff to show proof of having timely opted out of the *Dunn v. City of Chicago*, Case No. 04 C 6804 (N.D. Ill.) class action. In response, the plaintiff concedes that his claims fall within the penumbra of the *Dunn* class action, but seeks an extension of time so that he can gather proof pertaining to whether he was properly notified of the *Dunn* settlement agreement.

The motion is denied. It is irrelevant whether the plaintiff received actual notice. Judge Gettleman approved the manner and wording of the notice to the class. Plainly, the plaintiff did not "opt out;" no further inquiry is required. Because the plaintiff did not follow the proper procedures for formally "opting out" of the class action, he is bound by the terms of the settlement agreement and cannot pursue an independent lawsuit.

**(CONTINUED)**

       mjm

| STATEMENT (continued) |
|---|

For the foregoing reasons, this case is dismissed without prejudice to belatedly pursuing relief in the *Dunn* class action. The plaintiff should contact plaintiffs' counsel in the *Dunn* case, Michael I. Kanovitz, at the firm of Loevy & Loevy, 312 North May St., Suite 100, Chicago, Illinois 60607, to see whether he may still be able to recover a portion of the settlement award. *See* Minute Order of March 31, 2011, entered in *Dunn*, Case No. 04 C 6804 (Gettleman, J.). If the plaintiff is denied any part of the class settlement award in *Dunn*, he is directed to file a motion for reinstatement within sixty days of the date of this order. In that event, the court will revisit whether the plaintiff may have a timely and tenable, separate cause of action.